UNITED STATES of America,

v.

**Wydel CHASE, Defendant.**

**Crim. No. 92–170–02.**

United States District Court, District of Columbia.

Aug. 19, 1992.

---

Defendant, this Court has held hearings and heard more evidence concerning the Defendant's detention. Because the grounds set forth in the May 11, 1992 Opinion appear substantially correct, this Court will deny the Defendant's Motion to Reconsider and will affirm its earlier decision to leave the Order of Detention in place.

## LEGAL STANDARD

■ The Bail Reform Act requires a judicial officer to consider both a defendant's risk of flight and a defendant's danger to the community in determining whether detention is appropriate.[1]

Of course, this Court must be cognizant of the fact that every defendant is presumed to be innocent of any and all charges against him and that the Bail Reform Act, by its own terms, does nothing to alter that presumption. 18 U.S.C. § 3142(j). Congress provided, however, that a rebuttable presumption exists that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any person or the community if a judicial officer finds that there is probable cause to believe that a defendant committed an offense under the Controlled Substances Act for which a maximum period of incarceration of ten years or more is prescribed. *See* 18 U.S.C. § 3142(e).

In determining whether there are conditions of release which will reasonably assure the appearance of the defendant and the safety of any other person and the community the following factors must be weighed: (1) the nature and circumstances of the offense charged including whether the offense charged involves violence or narcotics; (2) the weight of the evidence against the defendant; (3) the nature and seriousness of the danger to the community which might result from the defendant's release; and (4) the defendant's history and

Guy Molock, Asst. U.S. Atty., Washington, D.C., for government.

Santha Sonenburg, Asst. Federal Public Defender, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

SPORKIN, District Judge.

This case is before the Court on the Defendant's Motion to Reconsider the Court's prior decision not to revoke an order for pretrial detention based on new information and changed circumstances. The Defendant was originally detained pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3141, after a hearing before Magistrate Judge Robinson of this Court on April 27, 1992. The Memorandum of Findings of Fact and Statement of Reasons in Support of Order of Detention filed May 11, 1992 sets forth the grounds for detaining the Defendant. Upon the motion of

---

1. A Court "shall order" the detention of a Defendant before trial if the officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure ... the safety of any other person and the community." 18 U.S.C. § 3142(e). Thus, a finding that a defendant is a danger to the community alone will support an order of detention. *United States v. Salerno,* 481 U.S. 739, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987).

characteristics including but not limited to the defendant's criminal history, past conduct, and past appearance at court proceedings. *See* 18 U.S.C. § 3142(g).

## FINDINGS AND DISCUSSION

■ The reasons set forth in Magistrate Judge Robinson's Findings Of Fact and Reasons are largely unchallenged and support continued detention of the Defendant. The Defendant is charged with conspiracy to distribute over five grams of cocaine base, distribution and possession with the intent to distribute in excess of five grams of cocaine base, distribution within 1000 feet of a school, and unlawful employment of a minor to possess with the intent to distribute over five grams of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B)(iii) and 860(a) and 861(a)(1). The Controlled Substances Act prescribes a maximum term of imprisonment of considerably more than ten years for these offenses.

The government has proffered and put on evidence to the effect that the defendant is a member of a six member drug conspiracy. The government alleges that the defendant's role in this conspiracy was that of the "enforcer." The charged conduct then, includes elements of both narcotics and violence. Thus, this Court finds that Magistrate Robinson's finding that the defendant was "actively involved" in the conspiracy was properly reflective of the seriousness of the allegations against the Defendant. Based on all the testimony and the grand jury's indictment of the defendant the Court believes that there is probable cause to believe that the defendant committed the offenses charged. Based on these facts, the Court finds that the government has met the burden imposed by the statute and shown that there is no condition or combination of conditions of release which would reasonably assure the safety of the community or the defendant's appearance at trial.

The Defendant's current Motion to Reconsider attempts to cast doubt on the Magistrate Judge's reliance on the charge of possession of a .357 magnum, which the Defendant currently faces in Superior Court. The Defendant put on evidence and argued to this Court that the Superior Court gun case is not a strong one and that this Court should therefore reconsider the detention order in this case. The evidence consisted of the testimony of a juvenile who said that he was with the defendant when he was apprehended on the weapons charge. The juvenile stated that the arrest occurred in a car driven by the defendant and while admittedly the weapon was found in the car, the juvenile stated that the weapon belonged to him and not the defendant. This was despite the juvenile's earlier denial that he possessed the weapon when he was questioned by police after the arrest. The juvenile was released as a result of that denial. Under these circumstances this Court does not believe that the juvenile's latest testimony warrants much credence.

Clearly, this new evidence is not sufficient to refute the Magistrate Judge's Finding that no conditions of release could reasonably assure the safety of the community and defendant's appearance at trial. That finding was based primarily on the dangers that narcotics present to the community and the fact that there is probable cause to believe the Defendant committed the narcotics offenses charges in this case.

■ In addition, since the time of the Magistrate Judge's Findings, the Defendant has been indicted for an even graver offense, Assault with Intent to Kill While Armed. The Defendant asks the Court not to consider that Superior Court indictment in deciding whether or not to detain the Defendant in *this case*. That argument is inconsistent with the defendant's own argument that this Court reconsider its prior decision to detain the Defendant based on new evidence indicating the weakness of *another* entirely separate case in Superior Court. The Bail Reform Act certainly does not mandate that a judicial officer wear jurisdictional blinders in considering the past conduct of a defendant. The fact that a Grand Jury has found probable cause to believe that the Defendant committed this violent crime can be considered by this

**43**

Court's in balancing the statutory factors in its decision to retain the order of detention pending trial. Therefore, the Defendant's Motion to Reconsider will be

DENIED.